SAMUEL T. VAN BRUNT, Appellant, vs. ANDREW MISMER, Respondent.

APPEAL FROM THE DISTRICT COURT OF RICE COUNTY.

Where a party takes a mortgage on lands to secure a liability of the mortgagor, and there is no covenant to pay contained in the mortgage, and no bond or other separate instrument given to secure the payment, the mortgagee is confined for his remedy to the lands mentioned in the mortgage. He cannot maintain an action on a verbal agreement to pay.

Points and Authorities for Appellant.

I.—The first finding of the District Judge is erroneous, " that the alleged promises, contracts, agreements and under-

takings set up in the complaint and reply in this action were valid and sufficient to constitute an indebtedness from the Defendant to the Plaintiff; and that no bond or instrument in writing was necessary to impart validity to such contracts and agreements." Such a contract is void under the statute of frauds, as a contract concerning lands. *Comp. Stat., chap. 49, sec. 6, p. 457; ib. chap. 35, sec. 36-7-8, p. 401, sec. 30, p*<sup>ª</sup> 400, and English Statutes of Frauds adopted in the U. S. as part of the Common Law of the country.*

1. Because a contract to execute a mortgage or to discharge an existing mortgage of real estate is, unless in writing, void. 2 *Abbott's Dig. N. Y. Rep. p.* 82, *sec.* 698; 7 *How. Pr. Rep.* 417, *Marquat vs. Marquat; and same case in* 2 *Kernan*, 336, *and statutes above cited.*

2. Because such a contract then, as set out in this Plaintiff's pleadings—admitted to have been by parol only, and being entire—instead of requiring no instrument in writing, " to impart validity" thereto, was wholly void. *See the authorities above cited, and* 7 *Adolphus & Ellis R.* 49, *Mechellem vs. Wallace;* 6 *Cush.*, 508, *Irvine vs. Stone et al.;* 6 *Gray*, 500, *McMullen vs. Riley;* 5 *Cow.*, 162, *Van Alstyne vs. Wimple; see* 14 *Gray's Mass. Reps.*, 522 533, *Bingham vs. Potter.*

3. And because no verbal agreement or executory parol contract was sufficient, as nothing short of a " bond or other instrument " in writing, separate from the mortgage, can meet the positive requirements of the statutes. *Comp. Stat., chap.* 35. *sec.* 6, *p.* 398.

This disposes of the first finding of the Court below.

II.—Where, as in this country, it is known to be the usage to give a separate obligation for the debt or the performance of an executory contract where personal liability is intended, whenever a case arises wherein no such separate obligation was taken, and the mortgage is seen to have no express covenant, but does contain a power of sale, these facts alone are the proper evidence of a mutual understanding between the parties that the land mortgaged was sufficient security and should afford the only remedy ; and this conclusion will always be adopted by courts as a legal and necessary inference,

in order to carry out the object of the statute and prevent fraud and perjury. 2 *Barb. Ch. Rep.*, 559, *Howe vs. Fisher;* 10 *John. R.*, 57, *Salisbury vs. Phillips, and Prof. Greenleaf's Notes on page* 83 *of vol.* 1, *Greenl. Cr., Tit. Mortgage ch.* 1 *sec.* 16; 4 *Sanford, S. C. R.*, 523, *Tillotson vs. Boyd; Comp. Stat., ch.* 35, *sec.* 6, *p.* 398 *and ch.* 83, *sec.* 9, *p.* 671. It is gratifying to see on looking into the pleadings in this case that the security was ample and the remedy under the mortgage adequate and complete.

III.—The case made by the pleadings turns however, necessarily, upon the proper construction of section 6 of chapter 35, page 398 of our own statutes: and in order to a correct construction of that statutory provision, the rule is, to consider how the law stood on the subject at the time of the enactment, the evils intended to be avoided by the legislature, and the ultimate object intended to be secured.

H. C. LOWELL, Counsel for Appellant.

COLE & CASE, Counsel for Respondent.

*By the Court.*—FLANDRAU, J.—The Plaintiff and Defendant were partners. They dissolved, the Defendant taking the partnership assets, and agreeing with the Plaintiff to satisfy the firm debts. One of the debts was to Gould & Brother for $1400, and was secured by a mortgage upon certain lands, of which the Plaintiff owned the undivided half. In regard to this debt, the Defendant agreed that he would, within a year, pay and discharge the note and mortgage by which the same was secured; all this arrangement was by parol. In order to secure its performance on the part of the Defendant, he, together with his wife, executed to the Plaintiff's agent a mortgage on certain lands, conditioned for the payment of the Gould & Brother debt. This mortgage contained no covenant to pay any sum to the mortgagee, nor was it accompanied by any note, bond, or other instrument creating a personal liability. The Gould & Brother debt was not paid by the Defendant, but was collected by them by a foreclosure of their mortgage. The Plaintiff prosecutes this ac-

tion against the Defendant, not to foreclose his mortgage, but to recover a personal judgment against him for damages in failing to perform the parol agreement to pay the Gould & Brother debt. There is an answer, reply, and demurrer to the reply, which present the question as to whether, when the Defendant gave his mortgage to secure the agreement to pay off the Gould & Brother debt, it did not merge the previous parol agreement, and as the mortgage creates no personal liability on the part of the Defendant, whether the Plaintiff is not confined to the remedy he has against the land.

*Chapter 35 of the Compiled Statutes, section 6, page 398,* provides as follows :

" No mortgage shall be construed as implying a covenant for the payment of the sum thereby intended to be secured ; and where there shall be no express covenant for such payment contained in the mortgage, and no bond or other separate instrument to secure such payment shall be given, the remedies of the mortgagee shall be confined to the lands mentioned in the mortgage."

The counsel for the Plaintiff urges that the statute only applies to cases where the action is based upon the mortgage, but has no bearing where it is prosecuted upon the original undertaking. If this rule is allowed to obtain, it is difficult to see what point is gained by the statute. In every case where a mortgage is given to secure a loan or other debt, if the mortgage does not become the sole security, and the mortgagee may have a personal judgment, as well as the mortgage security, he gains precisely the same end that he would if permitted to recover upon an implied covenant in the mortgage. He can, in no case, collect more than the debt secured, and the old rule of implying a covenant in the mortgage to pay the sum secured, was only serviceable in making up any deficiency after the sale of the land, out of the general property of the mortgagor, which would be attained in other cases by a personal judgment on the original indebtedness. The result would be, in all cases, that you might accomplish by two suits what you are prohibited from doing in one, to wit, the recovery of a personal judgment, and the benefit of the land at the same time. This is hardly consistent with the

modern course of legislation, which tends to the consolidation of actions, and the discouragement of parol obligations to pay debts, or assume liabilities. It is hardly necessary to enumerate the many instances in which statutes have been passed avoiding the assumption of liabilities by parol, where they formerly existed, as they are familiar. We think this act is of the same character, and that when a party takes security upon land by mortgage for a debt or other liability, without a covenant to pay, and takes no bond or other separate instrument to secure such payment, he is confined to the land mentioned in the mortgage.

The demurrer to the reply was, therefore, well taken, and the order overruling it must be reversed, and the demurrer sustained. So ordered and adjudged.